IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00382-MR

| | |
|---|---|
| WALTER TIMOTHY GAUSE, ) ) Petitioner, ) ) vs. ) ) TODD ISHEE, Secretary of ) Department of Public Safety, et al. ) ) Respondents. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court upon the Petition for Writ of Habeas Corpus filed by the Petitioner pursuant to 28 U.S.C. § 2254 on June 23, 2023. [Doc. 1]. Also before the Court is the Petitioner's Motion to Amend [Doc. 5], and Motions for All Writ Act, 28 U.S.C. § 1651 [Docs. 9 and 10].

**I.     PROCEDURAL BACKGROUND**

Walter Timothy Gause (the "Petitioner") is a prisoner of the State of North Carolina, who was convicted on February 20, 2014 in Mecklenburg County Superior Court of robbery with a dangerous weapon, assault with a deadly weapon inflicting serious injury, and conspiracy to commit robbery with a dangerous weapon. State v. Gause, 772 S.E.2d 265, 2015 WL 1529828, at *1-2 (N.C. Ct. App.) (unpublished). The trial court sentenced the Petitioner to 146–185 months imprisonment for the robbery and

conspiracy convictions, and 59–80 months for the assault conviction. Id.

After seeking post-conviction relief in the state courts, the Petitioner filed a Petition for Writ of Habeas Corpus in this Court on August 23, 2016. Gause v. Perry, No. 3:16-cv-00631-FDW, 2017 WL 581331, at *1 (W.D.N.C. Feb. 13, 2017). On February 13, 2017, the Court entered an Order granting the Respondent's Motion for Summary Judgment and denying the Petition for Writ of Habeas Corpus. Id. The Petitioner appealed, and the Fourth Circuit Court of Appeals dismissed the appeal on September 20, 2017. Gause v. Perry, 697 F. App'x 220 (4th Cir. 2017).

On August 2, 2020, the Petitioner filed a second Petition for Writ of Habeas Corpus, which this Court dismissed as an unauthorized, successive habeas petition. Gause v. Hooks, Case No. 3:20-cv-00306-MR, 2020 WL 6689358, *2-3 (W.D.N.C. Nov. 12, 2020) [Docs. 1, 12]. The Petitioner filed a Notice of Appeal, which the appellate court dismissed on February 26, 2021. Gause v. Hooks, 837 Fed. App'x 1002 (4th Cir. 2021)(Mem.) (unpublished).

The Petitioner filed the instant § 2254 petition in this Court on June 23, 2023. [Doc. 1]. The filing was titled "All Writ Act, pursuant 28 U.S.C. § 1651(a)," which the Court construes as a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.[1]  Also before the Court is the Petitioner's Motion to Amend [Doc. 5] and Motions for All Writ Act of 1651 [Docs. 9 and 10].

## II. DISCUSSION

### A. Initial Review of § 2254 Petition

In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is entitled to no relief.  Rule 4, 28 U.S.C.A. foll. § 2254. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings is expressly limited.  Under the AEDPA, "[b]efore a second or successive application ...is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  See 28 U.S.C. § 2244(b)((3)(A).  Failure to obtain authorization from the appellate court deprives the district court of jurisdiction to consider the petitioner's successive petition.  Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).

---

1 The All Writs Act, 28 U.S.C. § 1651, "provides an extraordinary remedy that is available, if at all, only to the extent necessary to fill a gap in the post-conviction remedial scheme." Clark v. United States, 2021 WL 4900997, *2 (W.D.N.C October 20, 2021).

3

This Court previously addressed two § 2254 petitions filed by the Petitioner. The first was denied on the merits with summary judgment entered in favor of the Respondent. Gause v. Perry, No. 3:16-cv-00631-FDW, 2017 WL 581331, at *1 (W.D.N.C. Feb. 13, 2017). The second was dismissed as an unauthorized successive petition. Gause v. Hooks, Case No. 3:20-cv-00306-MR, 2020 WL 6689358, *2-3 (W.D.N.C. Nov. 12, 2020) [Docs. 1, 12]. As such, the pending § 2254 petition, which once again seeks to challenge his judgment and conviction, is successive.

The Petitioner has not shown that he obtained authorization from the appellate court prior to filing his successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). This Court is therefore without jurisdiction to review the merits of the instant § 2254 petition. As such, the § 2254 petition shall be dismissed.

B. **Motion to Amend**

Federal Rule of Civil Procedure 15 governs the amendments of § 2254 motions and provides that a party may amend their pleading once as a matter of course at any time before a responsive pleading is served….otherwise, a party may only amend by seeking leave of court or written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend "shall be freely given when justice so requires." U.S. v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).

4

However, courts may deny leave to amend when the amendment would be prejudicial to the opposing party, there has been bad faith on part of the moving party, or the amendment would be futile. Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)(citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)); U.S. v. Brown, 596 Fed. Appx. 209, 211 (4th Cir. 2015).

As discussed above, the Petitioner's § 2254 habeas petition is barred as an unauthorized successive petition. The Petitioner's motion to amend also fails to set forth any valid claim of relief. [Doc. 5]. Therefore, allowance of an amended petition would be futile.

### C. Motions for All Writs Act

The Petitioner has submitted two Motions for All Writ Act, 28 U.S.C. § 1651 [Docs. 9 and 10]. 28 U.S.C. § 1651 "is a residual source of authority [by which a district court may] issue writs that are not otherwise covered by statute." Pennsylvania Bureau of Correction v. U.S. Marshals Service, 474 U.S. 34, 43 (1985). However, prisoners may not resort to the All Writs Act to try and circumvent the statutory limits on collateral attacks. See United States v. Rhines, 640 F.3d 69, 72 (3d Cir. 2011); United States v. Gamboa, 608 F.3d 492, 494-495 (9th Cir. 2010). The Act provides an extraordinary remedy under which the Petitioner can demonstrate no entitlement. As best

5

as can be discerned from these pleadings, they appear to present additional arguments in support of the Petitioner's § 2254 petition. The Petitioner is not entitled to relief under the All Writs Act. As such, the motions are denied.

## III. CONCLUSION

For the reasons stated herein, the Petitioner is entitled to no relief. The § 2254 petition shall be dismissed as an unauthorized successive petition. The Petitioner's request for leave to amend and his Motions for All Writ Act, 28 U.S.C. § 1651 are denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** as an unauthorized successive petition under 28 U.S.C. § 2244(b)(3).

2. The Petitioner's Motion to Amend [Doc. 5] is **DENIED**.

3. The Petitioner's Motions for All Writ Act, 28 U.S.C. § 1651 [Docs. 9 and 10] are **DENIED**.

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge